PER CURIAM.
 

 We grant the Appellee’s Motion for Clarification, withdraw our previous opinion, and substitute the following opinion in its place.
 

 This appeal concerns a circuit court’s decision to impose sanctions for a party’s bad-faith failure to participate in pre-trial discovery. Because the order imposing sanctions does not meet the requirements of either rule or common law, we reverse the order as it applies to Appellant, Horace Mann Insurance Co.
 

 Prior to trial, the circuit court concluded Appellant committed “gross discovery misconduct” and acted with “bad faith, willfulness or deliberate disregard.” The court imposed sanctions against Appellant pursuant to (1) Florida Rule of Civil Procedure 1.380 (2008); and (2) its inherent power to sanction.
 

 Sanctions were inappropriate under Rule 1.380 because the Appellees did not prevail on a motion to compel and Appellant’s counsel did not fail to appear at a duly noticed deposition.
 
 See
 
 Fla. R. Civ. P. Rule 1.380 (2008). Sanctions were also inappropriate under the court’s inherent power to sanction because, although the record amply supported the trial judge’s conclusion, the court’s written order failed to satisfy requirements set forth in
 
 Moakley v. Smallwood,
 
 826 So.2d 221, 223-27 (Fla.2002). We note that sanctions may have been available under section 57.105(3), Florida Statutes (2008), but the Appellees did not timely request such relief.
 

 Accordingly, because the circuit court’s order failed to cite sufficient grounds on which to base its imposition of sanctions against Appellant, we reverse.
 

 REVERSED.
 

 WEBSTER, LEWIS and HAWKES, JJ., concur.